IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN, MICHAEL P. PETERSEN, and RANDI PETERSEN,<br><br>    Plaintiffs,<br>  v.<br><br>MILDRED BROWNE, et al.<br><br>    Defendants.<br>_____/ | No. C 12-3607 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

The motion by defendants Mount Diablo Unified School District and Mildred Browne to dismiss plaintiffs' complaint is currently set for hearing on January 18, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss, with limited leave to amend.

**BACKGROUND**

On June 26, 2012, plaintiffs Ryan Petersen, Michael P. Petersen ("Michael Jr."), and their mother Randi Petersen filed this action against defendant Mildred Browne, former Assistant Superintendent of the Mount Diablo Unified School District ("MDUSD"); defendant Ken Ferro, the MDUSD program administrator; defendant Connie Cushing, a former MDUSD program specialist; defendant MDUSD; defendant attorney Paula Lorentzen; and unnamed MDUSD employees Does one through fifty.[1]

---

[1] This is the latest in a series of related cases against MDUSD filed by plaintiff Randi Petersen and/or her ex-husband, Michael Petersen, Sr. ("Michael Sr."). The other cases are *Michael Petersen v. California Special Education Hearing Office, McGeorge School of Law*, C 07-2400 SI (N.D. Cal.

Plaintiffs' claims concern the special education accommodation that plaintiffs Michael and Ryan allegedly did not receive while attending MDUSD schools. According to the complaint, plaintiff Michael has been diagnosed with autism, severe sensory integration disorder, and Cyclic Vomiting Syndrome. Complaint ¶¶ 2, 20, 22. Plaintiff Ryan is hearing impaired. *Id.* at ¶ 2. Ryan and Michael attended MDUSD schools between the years of 1998 and 2003, and plaintiff Randi Petersen advocated for their special educational needs during their time there. *Id.* at ¶¶ 21, 22, 31.

Plaintiffs have brought a series of lawsuits against defendants related to the special education needs of Michael, Jr. and Ryan. Plaintiff Randi Petersen brought her first suit against MDUSD in 2002, individually and on behalf of Michael Jr. and Ryan. She named as defendants MDUSD, Browne, Cushing, Lorentzen, three other persons involved with special education in MDUSD, and her husband Michael Petersen, Sr. Plaintiff's claims were based on the Individuals with Disability Education Act (IDEA), 20 U.S.C. § 1400 et seq.; the Rehabilitation Act, 29 U.S.C. § 794; civil rights violations under 42 U.S.C. §§ 1983 and 1985; disability discrimination under the Equal Opportunity for Individuals with Disabilities Act; and intentional infliction of emotional distress. The Court dismissed the complaint with leave to amend for failing to state a claim, for plaintiff's lack of standing to bring claims on behalf of her children as the non-custodial parent, and because the Court could not assert jurisdiction over her family court matter. Plaintiff did not amend the complaint.

Plaintiffs Randi, Michael Sr. and Michael Jr. filed suit again in 2004. They named MDUSD, Browne, and Cushing as defendants, claiming violations of the Rehabilitation Act; the Americans with Disabilities Act (ADA); §§ 1983 and 1985 claims based on equal protection and due process; intentional infliction of emotional distress; and additional torts of retaliation and violation of public policy. Plaintiffs' allegations were nearly identical to the first suit. The Court found that plaintiffs' claims under the Rehabilitation Act, the ADA, and §§ 1983 and 1985 were in fact based on their alleged injuries under the IDEA, which the Court dismissed because plaintiffs failed to exhaust administrative remedies. The tort claims were barred by plaintiffs' failure to comply with the California Tort Claims

---

2007); *Randi Petersen v. Contra Costa Superior Family Court*, C 05-1032 SI (N.D. Cal. 2005); *Randi & Michael Petersen et al. v. Mount Diablo School District*, C 04-1059 SI (N.D. Cal. 2004), and *Randi Petersen v. Mount Diablo School District*, C 02-887 SI (N.D. Cal. 2002).

Act, and because the Court could not extend supplemental jurisdiction once the federal claims were dismissed. The Court dismissed all claims without leave to amend.

Randi Petersen on behalf of herself, Michael Jr. and Ryan brought suit again in 2005. This time, she named the Contra Costa Superior Family Court, the family court judge who heard her custody dispute, Lorentzen, MDUSD, Browne, Cushing, Ferro, several members of MDUSD's school board and other MDUSD personnel, several attorneys, the Northern District of California Federal Court, and the undersigned. Plaintiff made nearly identical claims as in the 2004 suit, but did not assert an IDEA claim. The undersigned recused herself, and Judge Charles Breyer dismissed the claims for failure to prosecute after plaintiff missed hearings and failed to serve many of the defendants.

In 2007, Michael Petersen, Sr.—not a party to this suit—brought suit on behalf of himself and plaintiffs Michael Jr. and Ryan Petersen. Plaintiffs named the California Special Education Hearing Office at McGeorge School of Law, Hearing Officer Vincent Pastorino, MDUSD, Browne, and Ferro as defendants. Plaintiffs' claims again included the Rehabilitation Act, the ADA, the IDEA, §§ 1983 and 1985, and several claims alleging violation of contract laws. The Court dismissed all but one claim without leave to amend because the IDEA-based claims were time-barred, and there was no federal jurisdiction if plaintiffs' claims were based on contract law. The Court allowed plaintiffs to amend a limited claim on behalf of Ryan under the IDEA. Plaintiff amended the claim. The Court granted summary judgment for the defendants because it found that the claim was barred by a settlement agreement between the Petersens and MDUSD, plaintiffs had failed to exhaust administrative remedies, and the claim was past the ninety-day statute of limitations to appeal Special Education Hearing rulings. The Court denied a motion to declare Michael Petersen, Sr. and Randi Petersen vexatious litigants, but noted it was a close question.

In this action, plaintiffs Randi, Michael Jr. (now about 20 years old) and Ryan (now about 19) allege essentially the same set of facts and conclusory allegations as in the previous four actions, including breach of the IDEA, the Equal Opportunity for Individuals with Disabilities Act, and the Rehabilitation Act. There are a few novel allegations. First, plaintiffs allege that the MDUSD defendants participated in a conspiracy wherein MDUSD personnel were paid bonuses to deny educational accommodations to students, including plaintiffs Michael Jr. and Ryan, in order to keep the

3

budget in control. Complaint ¶¶ 13, 13(A). Plaintiffs allege that conversations around this "bribery conspiracy" began at the beginning of the 1998 school year. *Id.* at ¶ 15. Plaintiffs claim to have been informed of this conduct by Michael Petersen, Sr., who allegedly participated in some conversations. *Id.* at ¶ 25. Plaintiffs also allege that MDUSD personnel would slap students in the face and otherwise abuse them. *Id.* at ¶ 13. Finally, plaintiffs allege that defendant Lorentzen inappropriately represented Michael Jr. and Ryan in special education proceedings and meetings. According to the complaint, she was only appointed by the family court to represent plaintiffs Michael Jr. and Ryan in the custody dispute, and she was unqualified to represent them for the purpose of educational accommodations. *Id.* at ¶ 23. Plaintiffs claim Lorentzen exploited her appointment as representative of the children by extorting fees of $20,000 to represent them in the educational accommodation proceedings. *Id.* at ¶¶ 13(C), 23.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility " standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

4

*Iqbal*, 556 U.S. at 678.  In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings.  *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If the Court dismisses a complaint, it must decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).  Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

Plaintiffs asserted thirty claims against defendants in this action.  Many of plaintiffs' claims are barred by *res judicata*.  Plaintiffs' claims related to allegations of bribery and RICO do not state valid claims.  Plaintiffs' remaining claims are asserted under statutes that are inapplicable to their case.

**1.**     ***Res Judicata***

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  *Res judicata* will bar a later suit where the first case, "(1) involve[d] the same 'claim' as the later suit, (2) ha[s] reached a final judgment on the merits, and (3) involve[d] the same parties or their privies." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1404 (9th Cir. 1993). In determining whether successive claims constitute the same cause of action, the Court will consider, "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681

F.2d 1199, 1201–02 (9th Cir.), *cert denied*, 459 U.S. 1087 (1982). "The last of these criteria is the most important." *Id*. at 1202.

Plaintiffs' claims arise from the same set of facts—the accommodations plaintiffs Ryan and Michael Jr. did or did not receive while attending MDUSD—complained of in lawsuits before the Court in 2002, 2004, 2005, and 2007. Defendants argue that plaintiffs' claims are barred by *res judicata* because of the nearly identical parties, facts, and rights at issue. Plaintiffs provide no response to this argument.

The Court agrees that many of the causes of action in this complaint are barred by *res judicata.* Plaintiffs claim violation of their rights under the Rehabilitation Act and the IDEA, as they did in previous complaints. In 2004, the Court found that plaintiffs' Rehabilitation Act claim relied on their rights under the IDEA, dismissing without leave to amend for failure to exhaust administrative remedies as required by the IDEA. The Court's dismissal of plaintiffs' claims in 2004 precludes plaintiffs' Rehabilitation Act, IDEA, and 42 U.S.C. § 12203 claims because they arise out of the same "transactional nucleus of facts," involve the same parties, and "infringement of the same right." *See Constantini*, 681 F.2d at 1201–02.

Similarly, *res judicata* bars plaintiffs from recovering under other claims for the events surrounding plaintiffs Michael Jr. and Ryan's special education. Plaintiffs are precluded from any relief that may be had under 34 C.F.R. § 300.321, which sets requirements for I.E.P. meetings, because that claim also arises from Michael and Ryan's education and disability accommodations. Plaintiffs are also precluded from claims of negligence under either California Government Code §§ 905.2–905 or California Civil Code §§ 1708–1711 and 1714. These claims arise from plaintiffs Michael Jr. and Ryan's special education rights and plaintiff Randi's custody and ability to advocate for her children, which were adjudicated in the previous actions, and are thus barred by *res judicata*.

Therefore, because they are precluded by *res judicata*, the Court dismisses claims one, two, six, seven, nine, and ten without leave to amend.

**2.    Plaintiffs' Bribery and RICO Claims**

Plaintiffs allege a conspiracy in which MDUSD bribed staff in exchange for reducing special

6

education services to students, including plaintiffs Michael Jr. and Ryan. They claim that plaintiff Randi's ex-husband, Michael Petersen, Sr., told her about conspiratorial conversations he had with defendants that occurred in or around the year 2000. *See* Complaint ¶ 25. Most of plaintiffs' claims for relief for this alleged misconduct are brought directly under state and federal criminal statutes, which do not provide a private right of action. The same is true for their claims under the California Government Code. Therefore, plaintiffs' claims under 18 U.S.C. §§ 201, 241, 242, and 245, California Penal Code §§ 37, 67–67.5, 182, 424, 518, 11164, 11165.2–11165.7, and 11166–11166.5 and under California Government Code §§ 19990 and 87100 are dismissed.

Plaintiffs also assert a claim under the Racketeering Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964(c), which provides for civil recovery. Plaintiffs' allegations of bribery might, if proven, provide the predicate illegal act on which a RICO violation could rest. But there are fatal problems with the claim. First, plaintiffs do not allege facts supporting the necessary elements of a RICO claim. To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege facts asserting "(1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). As with their other claims, plaintiffs have provided a single, tangled set of facts, and have not connected particular facts to their RICO claim. *See* Complaint ¶ 85. Nor does the complaint allege a plausible injury to "business or property." *See* § 1964(c). RICO claims require direct financial loss, not personal injuries, and no such injury is alleged in the complaint. *See Diaz v. Gates*, 420 F.3d 897, 899–900 (9th Cir. 2005). Plaintiffs' claim also appears on the face of the complaint to be barred by RICO's four-year statute of limitations, which runs from when plaintiffs "know[] or should know of the injury which is the basis of the action." *Living Designs, Inc. v. E.I. Dupont de Nemour & Co.*, 431 F.3d 353, 365 (9th Cir. 2005). Plaintiffs have not alleged any fact which would delay or preclude the running of the four year statute of limitations, or stating when Randi first learned of the "conspiracy/bribery" contentions .

Accordingly, plaintiffs' claim twenty-four under RICO is dismissed with leave to amend. Plaintiffs' claims three through five, eight, twelve through fifteen, nineteen through twenty-one, and twenty-eight are dismissed without leave to amend.

### 3. Additional Claims

The remainder of plaintiffs' claims are inapplicable to their case. California Civil Code § 1620 defines an express contract, and is not relevant to the facts alleged. California Commercial Code § 3294 does not exist, but as defendants note, plaintiffs may mean Civil Code § 3294 regarding punitive damages. Public entities are shielded, however, from punitive damages by California Government Code § 818. Claim eighteen is under California Commercial Code § 3307, regarding fiduciary duties, but plaintiffs have not alleged any facts supporting application of the Commercial Code. Plaintiffs' claims under California Civil Code §§ 2322 and 3517 just fail—those statutes address the authority of agents and the doctrine of clean hands, respectively. Similarly, plaintiffs do not have valid claims under California Contract Law §§ 1619–1632 and 337–337(a), which are statutes that do not exist, or the Family Law Act of 1975, which is an Australian law unenforceable in this country.

Plaintiffs also make claims against defendant Lorentzen under California Business and Profession Code §§ 6067, 6068(d), regarding attorney admission to the bar, California State Bar Ethical Rule 5-200(A)–(B), and California Civil Code § 1712, which relates to the obligation to return property obtained unlawfully or without permission. Plaintiffs allege that defendant Lorentzen unlawfully obtained from them fees amounting to $20,000, but none of the laws upon which they make their claims provides a private right of action. For that reason, these claims are also dismissed.

Plaintiffs' claims eleven, sixteen through eighteen, twenty-two, twenty-three, twenty-five through twenty-seven, twenty-nine and thirty are therefore dismissed without leave to amend.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby dismisses plaintiffs' claims without leave to amend, except for claim twenty-four under RICO, which is dismissed with leave to amend. **Any amended complaint must be filed no later than February 1, 2013.**

**IT IS SO ORDERED.**

Dated: January 16, 2013

SUSAN ILLSTON
United States District Judge