United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RYAN PETERSEN, MICHAEL P. PETERSEN, and RANDI PETERSEN,

Plaintiffs,

v.

MILDRED BROWNE, *et al.*,

Defendants.
_______________________________________/

No. C 12-3607 SI

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

In an order filed January 16, 2013, the Court granted defendants' motion to dismiss the complaint. The Court dismissed without leave to amend plaintiffs' California tort claims, as well as the claims under the Rehabilitation Act, IDEA, and the ADA, on the ground that those claims were barred by *res judicata*. The Court also dismissed without leave to amend a number of claims brought under statutes that either do not provide a private right of action or that are inapplicable to this case. The Court granted plaintiffs leave to amend the RICO claim, and directed plaintiffs to file an amended complaint by February 1, 2013.

On February 1, 2013, plaintiffs filed an amended complaint. The amended complaint alleges a RICO claim, as well as numerous state and federal claims. Defendants have moved to dismiss the amended complaint, and a hearing on that motion is scheduled for April 5, 2013.

On February 6, 2013, plaintiffs filed a motion for leave to file a motion for reconsideration of the January 16, 2013 order, as well as a corrected motion for leave to file a motion for reconsideration. Docket Nos. 45 & 46. Plaintiffs "request the Court vacate or rescind its previous 1/16/13 Dismissal

Order and allow the 504 claims; CA Tort claims; § 1983 claims,[1] and ADA claims to move forward." Docket No. 46 at 7:20-21. In the alternative, plaintiffs request that they be allowed an additional month to prepare an amended complaint.

Plaintiffs have not shown that any of the grounds for seeking reconsideration are met. A party seeking leave to file a motion for reconsideration "must specifically show" the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b). Plaintiffs' motion for leave not identify any facts or law that the Court did not consider in its January 16, 2013 order, and simply repeats the arguments that plaintiffs made in opposition to defendants' initial motion to dismiss the complaint. Further, plaintiffs incorrectly assert that the Court dismissed plaintiffs' IDEA claims on the ground that plaintiffs were not entitled to monetary damages. Instead, as set forth in the January 16, 2013 order, the Court found that the disability and tort claims were barred by *res judicata*.

The Court also DENIES plaintiffs' alternative request for an extension of time to file an amended complaint. Plaintiffs in fact filed an amended complaint by the February 1, 2013 deadline, and thus this request would appear to be moot. In any event, plaintiffs have not demonstrated any good cause for an extension of time.

This order resolves Docket No. 46.

**IT IS SO ORDERED.**

Dated: March 6, 2013

SUSAN ILLSTON
United States District Judge

[1] The original complaint did not allege any claims under Section 1983; the amended complaint does.