IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN, MICHAEL P. PETERSEN, and RANDI PETERSEN,<br><br>    Plaintiffs,<br><br>  v.<br><br>MILDRED BROWNE, *et al.*,<br><br>    Defendants.           / | No. C 12-3607 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

Now before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for April 19, 2013. The defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

**BACKGROUND**

On June 26, 2012, plaintiffs Ryan Petersen, Michael P. Petersen ("Michael Jr."), and their mother Randi Petersen filed this action against defendant Mildred Browne, former Assistant Superintendent of the Mount Diablo Unified School District ("MDUSD"); defendant Ken Ferro, the MDUSD program administrator; defendant Connie Cushing, a former MDUSD program specialist; defendant MDUSD; defendant attorney Paula Lorentzen; and unnamed MDUSD employees Does one through fifty.

Plaintiffs' claims concern the special education accommodation that plaintiffs Michael and Ryan

allegedly did not receive while attending MDUSD schools. Plaintiff Michael has been diagnosed with autism, severe sensory integration disorder, and Cyclic Vomiting Syndrome. First Amended Complaint ("FAC") ¶¶ 14, 15, 21, 32.i. Plaintiff Ryan is hearing impaired. *Id.* ¶ 32.iii. Ryan and Michael attended MDUSD schools between the years of 1998 and 2003, and their mother, plaintiff Randi Petersen, advocated for their special educational needs during that time. Complaint (original) ¶¶ 21, 22, 31. While Ryan and Michael attended MDUSD schools, defendants allegedly denied Michael and Ryan various educational services. FAC ¶¶ 15, 19. Defendants also allegedly conspired with non-party Michael Petersen, Sr., Michael and Ryan's father, to gain custody of the children from Randi Petersen in exchange for Michael, Sr.'s help in denying services to Michael and Ryan. *Id.* ¶¶ 12, 23. During and since plaintiffs Michael and Ryan's time at MDUSD, they and their mother and father have brought suit against the district and its personnel four times — in 2002, 2004, 2005 and 2007 — prior to the present lawsuit.[1]

On November 7, 2012, defendants MDUSD and Browne moved to dismiss the complaint for failure to state a claim. In an order filed January 16, 2013, the Court granted defendants' motion, dismissing many of plaintiffs' claims as barred by *res judicata*, for not stating a cause of action, or as incomprehensible. *See* Order (Jan. 16, 2013), Dkt. 43. The Court granted plaintiffs leave to amend one claim under the Racketeering Influenced and Corrupt Organizations ("RICO") Act. The original complaint alleged that the MDUSD defendants violated RICO because they "deliberately engaged in conspired discrimination/bribery for financial gain," Complaint ¶ 85, by "having a policy to deliberately deny disabled children their entitlement to special education services and accommodations and paying those employees who facilitate this illegal discrimination policy by paying them yearly bribery bonuses as a reward . . . ." *Id.* ¶ 13. The Court found that plaintiffs had failed to allege the elements of a RICO claim, and failed to allege facts showing that the claim was not barred by the statute of limitations.

---

[1] The other cases are *Michael Petersen v. California Special Education Hearing Office, McGeorge School of Law*, C 07-2400 SI (N.D. Cal. 2007), *Randi Petersen v. Contra Costa Superior Family Court*, C 05-1032 SI (N.D. Cal. 2005), *Randi & Michael Petersen et v. Mount Diablo School District*, C 04-1059 SI (N.D. Cal. 2004), and *Randi Petersen v. Mount Diablo School District*, C 02-887 SI (N.D. Cal. 2002).

Order (Jan. 16, 2013), Dkt. 43 at 7. The Court granted leave to amend the RICO claim by February 1, 2013. *Id.*

On February 1, 2013, plaintiffs filed their amended complaint. The FAC alleges nine causes of action and drops Paula Lorentzen as a defendant. FAC, Dkt. 44-1. Plaintiffs allege violations of 42 U.S.C. § 1983 (claim one); the Rehabilitation Act § 504 for retaliation, "pervasive/severe denial of IDEA violating 14th Amendment Equal Protection Clause," and denial of "educational services violating 14th Amendment Equal Protection Clause" (claims two, three, and four); Title II of the Americans with Disabilities Act for denial of "educational services violating 14th Amendment Equal Protection Clause" (claim five); California Civil Code §§ 1708–1711 (claim six); Title 18 of RICO §§ 1961–1968 for compensatory and punitive damages (claims seven and eight); and torts under California Government Code § 905–905.2, California Torts §§ 43–59, and Reinstatement Torts §§ 46 and 870 (claim nine). FAC ¶¶ 33–50. Defendants have moved to dismiss the amended complaint and plaintiffs oppose the motion.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility " standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

3

*St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I.    RICO claim**

Defendants move to dismiss the amended RICO claim for failure to state a claim, and they argue that plaintiffs have failed to cure the deficiencies identified by the Court in its previous order. The original complaint alleged that defendants engaged in a scheme to bribe MDUSD personnel with bonuses and advancement in exchange for denying educational accommodations to students. *See* Complaint ¶ 13, 13(A)–(B). The Court dismissed the RICO claim for the following reasons:

> Plaintiffs' allegations of bribery might, if proven, provide the predicate illegal act on which a RICO violation could rest. But there are fatal problems with the claim. First, plaintiffs do not allege facts supporting the necessary elements of a RICO claim. To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege facts asserting "(1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). As with their other claims, plaintiffs have provided a single, tangled set of facts, and have not connected particular facts to their RICO claim. *See* Complaint ¶ 85. Nor does the complaint allege a plausible injury to "business or property." *See* § 1964(c). RICO claims require direct financial loss, not personal injuries, and no such injury is alleged in the complaint. *See Diaz v. Gates*, 420 F.3d 897, 899–900 (9th Cir. 2005). Plaintiffs' claim also appears on the face of the complaint to be barred by RICO's four-year statute of limitations, which runs from when plaintiffs "know[] or should know of the

injury which is the basis of the action." *Living Designs, Inc. v. E.I. Dupont de Nemour & Co.*, 431 F.3d 353, 365 (9th Cir. 2005). Plaintiffs have not alleged any fact which would delay or preclude the running of the four year statute of limitations, or stating when Randi first learned of the "conspiracy/bribery" contentions.

Order (Jan. 16, 2013), Dkt. 43 at 7.

In the FAC, plaintiffs' only mention of the alleged conspiracy is their allegation that:

> In addition, when father agreed to help DEFENDANTS block MOTHER'S advocacy for MICHAEL'S autism evaluation the value they received is job advancement, bonuses, income raises, and avoiding the high cost of paying for an autism evaluation for MICHAEL (about $3,000), and avoiding the high cost of educating MICHAEL as an "autism" labeled disabled student for 11 years savings hundreds of thousands of dollars . . . .

FAC ¶ 24. Plaintiffs do not provide any more information about this alleged scheme.

In their opposition, plaintiffs assert that they did not have sufficient time to amend the complaint because of delays in receiving the Court's order and because they filed their amended complaint by mail. Plaintiffs also argue that defendants obstructed their attempts to learn the nature of this scheme by refusing to provide information on bonuses. Plaintiffs assert that defendants have "NEVER denied being paid bribery bonuses from '99–'11," and that "financial accounting records should prove it by showing special education costs never going above a certain amount for each school year . . . ." Opp'n at 6.

Based upon the record before the Court, the Court finds that plaintiffs had a sufficient amount of time to amend the complaint. Plaintiffs have not made any showing regarding why they needed additional time to develop the RICO claim. Moreover, this lawsuit has been pending since June 2012, and the RICO claim arises out of the 1998–2003 time period. Thus, plaintiffs have had ample time to investigate and formulate their RICO claim.

The Court also concludes that plaintiffs' amended RICO claim fails to state a claim. The FAC does not allege any of the elements of a RICO claim, and plaintiffs still fail to allege direct financial injury as a result of the alleged RICO violation. Plaintiffs' single allegation about the bribery does not provide a factual basis that "raise[s] a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Even if, as plaintiffs assert in their opposition, the school district has a stable budget amount for special education, such an allegation does not lead to a reasonable inference that defendants illegally attempted to deny accommodations to students, or that MDUSD staff were bribed. Finally,

plaintiffs still have not alleged any facts showing that their RICO claim is not barred by RICO's four-year statute of limitations.

## II. Other claims

In addition to the RICO claim, the FAC alleges seven other causes of action against defendants, some of which were pled in the original complaint, and some of which are new. All of these claims arise out of the education of plaintiffs Michael and Ryan while at MDUSD schools during 1998-2003. The Court only granted plaintiffs leave to amend their RICO claim regarding allegations of a bribery scheme, and thus the additional claims are outside the scope of the leave to amend granted. *Cf. Siskiyou Regional Education Project v. United States Forest Service*, 565 F.3d 545, 559–60 (9th Cir. 2009) (affirming district court's order striking intervenor's answer/counterclaims because allegations "exceeded the bounds" of the limited intervention granted); *see also Crane v. M. Yarborough*, CV 05-8534 DSF(JC), 2012 WL 1067965, at *13 n.14 (C.D. Cal. Feb. 6, 2012).

In any event, the other claims alleged in the FAC are barred by *res judicata*, as explained in the Court's January 16, 2013 order. Plaintiffs previously alleged the claims under 42 U.S.C. § 1983, the Rehabilitation Act, and Title II of the ADA. Plaintiffs' other claims are barred by *res judicata* because they arise out of the same nucleus of facts — the alleged denials of educational accommodations and the alleged interference in plaintiffs' custody matter — for which plaintiffs have sought relief in four prior lawsuits

## CONCLUSION

For the foregoing reasons, the Court holds that plaintiffs have failed to state a claim, and GRANTS defendants' motion to dismiss, without leave to amend. Dkt. 50.

**IT IS SO ORDERED.**

Dated: April 15, 2013

SUSAN ILLSTON
United States District Judge

6